UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21173-CIV-O'SULLIVAN
Case No. 18-23585-CIV-O'SULLIVAN

[CONSENT]

JOSE RODRIGUEZ and
MARCEE K. RODRIGUEZ,

    Plaintiffs,

v.

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Relief from Final Judgment Dated February 26, 2020 (D.E. 136) and/or Motion for Reconsideration (DE# 139 in Case No. 19-cv-21173; DE# 162 in 18-23585-CIV, 5/21/20).

## BACKGROUND

On May 21, 2020, the defendant filed the instant motion seeking to amend the Final Judgment. See Defendant's Motion for Relief from Final Judgment Dated February 26, 2020 (D.E. 136) and/or Motion for Reconsideration (DE# 139 in Case No. 19-cv-21173; DE# 162 in 18-23585-CIV, 5/21/20) (hereinafter "Motion"). The plaintiffs filed their response in opposition on June 4, 2020. See Plaintiffs' Response in Opposition to Defendant's Motion for Relief from Final Judgment Dated February 26, 2020 and/or Motion for Reconsideration and Incorporated Memorandum of Law (DE# 146 in Case No. 19-cv-21173; DE# 169 in 18-23585-CIV, 6/4/20) (hereinafter "Response"). The

defendant filed its reply on June 9, 2020. See Reply in Support of Defendant's Motion for Relief from Final Judgment Dated February 26, 2020 (D.E. 136) and/or Motion for Reconsideration (DE# 150 in Case No. 19-cv-21173; DE# 173 in 18-23585-CIV, 6/9/20) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

The defendant filed the instant motion seeking to reduce the Final Judgment by $1,000.00. Motion at 2.

On October 22, 2019, Judge Ungaro entered an Order on Cross-Motions for Summary Judgment (DE# 88 in 18-23585-CIV) wherein she held that "as a matter of law, that if liability is established, Plaintiffs may not recover more than the requested $5,077.73 balance on the 2015 Claim for interior water damage." (DE# 88 at 22-23 in 18-23585-CIV). The jury returned a verdict on February 26, 2020 awarding the plaintiffs $6,077.73 in damages as to the December 2015 claim and $105,010.20 as to the Irma claim. See Verdict Form (DE# 119 in Case No. 19-cv-21173; DE# 142 in 18-23585-CIV, 2/27/20). Consistent with that verdict, the Court entered a Final Judgment awarding the plaintiffs a total of $111,087.93. See Final Judgment (DE# 113 in Case No. 19-cv-21173; DE# 136 in 18-23585-CIV, 2/26/20).

The defendant now argues that the Final Judgment must be amended under Rule 60(a) of the Federal Rules of Civil Procedure or under a motion for reconsideration standard in light of Judge Ungaro's prior ruling limiting the 2015 claim to a maximum of $5,077.73. Motion at 2-3. The plaintiffs object to the relief requested, noting that "[o]n its face, the Final Judgment is correct. There has not been any mistake, oversight or omission made by the Court in entering the Final Judgment, which reflects the exact

amount of damages awarded by the Jury at trial in this matter." Response at 4.[1]

For the reasons discussed below, the defendant is not entitled to the relief requested.

**1.      Relief from Final Judgment under Rule 60(a)**

The defendant seeks relief under Rule 60(a) of the Federal Rules of Civil Procedure. Motion at 2-3. Rule 60(a) states as follows:

> **(a) Corrections Based on Clerical Mistakes**; Oversights and Omissions. The court may correct **a clerical mistake or a mistake arising from oversight or omission** whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a) (emphasis added). Thus, Rule 60(a) is limited to instances where the error is the result of "a clerical mistake or a mistake arising from oversight or omission." Id.

The Eleventh Circuit has stated that "the court may correct clerical mistakes or oversights that cause the judgment to fail to reflect what was intended at time of trial. Errors that affect substantial rights of the parties, however, are beyond the scope of rule 60(a)." Mullins v. Nickel Plate Mining Co., 691 F.2d 971, 973 (11th Cir. 1982) (internal

---

1  The plaintiffs also state that:

> After the Jury returned its Verdict in this matter on February 26, 2020, the Court instructed the bailiff to hold the Jury and asked whether the Plaintiffs or Defendant had any objection to the Jury's Verdict prior to discharging the Jury. The Plaintiffs and Defendant stated "no" and therefore, the Jury was discharged.

Response at 1-2. The plaintiffs' recollection of that event appears consistent with the Court's recollection. However, the Court is unable to confirm it because no transcript was attached to the plaintiffs' response and none appears on the docket.

3

citations omitted). "Courts will construe Rule 60(a) narrowly to 'bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders and judgments in the district court.'" Paladin Shipping Co. v. Star Capital Fund, LLC, No. 1:10-CV-21612, 2014 WL 12685861, at *4 (S.D. Fla. Sept. 8, 2014) (quoting In re Am. Precision Vibrator Co., 863 F.2d 428, 430 (5th Cir. 1989)). In Paladin Shipping Co., for instance, the district court noted that "[u]sing an erroneous legal standard to calculate a post-judgment interest award [was] a substantive error of law, not a clerical error." Id. at *5.

Here, the Final Judgment (DE# 113 in Case No. 19-cv-21173; DE# 136 in 18-23585-CIV, 2/26/20) deliberately and accurately reflects the jury's verdict (DE# 119 in Case No. 19-cv-21173; DE# 142 in 18-23585-CIV, 2/27/20). Therefore, the defendant is not entitled to relief under Rule 60(a). See OneSource Facility Servs., Inc. v. Mosbach, No. 205CV525FTM34DNF, 2008 WL 11430023, at *2 (M.D. Fla. Nov. 18, 2008) (finding that where "[t]he Judgment entered by the Court accurately reflects the Court's intended judgment based upon the Verdict rendered by the jury . . . . Rule 60(a) is not the appropriate mechanism to correct such an error."); McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989) (noting that "Rule 60(a) may not be used to change something that was deliberately done . . . even though it was later discovered to be wrong.").

## 2. Motion for Reconsideration

The defendant further states that "[i]n the alternative, if this Court deems Rule 60(a) to be the improper mechanism to correct this apparent error, GeoVera moves for reconsideration of this Court's Final Judgment." Motion at 3.

4

The standard for reconsideration is well established:

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc.,181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. at 1369 (quoting Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 691 (M.D. Fla. 1994)). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to ... reiterate arguments previously made.'" Id.

Shields v. Fresh Mkt., Inc., No. 19-CV-60725, 2019 WL 7376705, at *1 (S.D. Fla. Oct. 8, 2019).

The defendant has not met this standard. There is no intervening change in the law or new evidence. The defendant has also failed to show "the need to correct clear error or prevent manifest injustice." Burger King Corp., 181 F. Supp. 2d at 1369. "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. Such problems rarely arise and the motion to reconsider should be equally rare." Kottler v. Gulf Coast Collection Bureau, Inc., No. 19-CV-61190, 2020 WL 3064769, at *2 (S.D. Fla. June 9, 2020) (citation omitted).

Importantly, a "motion for reconsideration should not be used as a vehicle to present authorities **available at the time of the first decision** or to reiterate arguments previously made." Burger King Corp., 181 F. Supp. 2d at 1369 (citing Z.K. Marine Inc., 808 F.Supp. at 1563) (emphasis added). In the instant case, the defendant could have

5

timely raised Judge Ungaro's Order on Cross-Motions for Summary Judgment (DE# 88 in 18-23585-CIV, 10/22/2019) prior to or at the time of the jury verdict. Arguably, though not entirely clear,[2] the defendant could have also filed a motion to alter or amend the Final Judgment within the 28-day time period prescribed by Rule 59(e). Instead, the defendant waited approximately 85 days to file the instant Motion.

At this late juncture, the defendant is not entitled to reconsideration of the Final Judgment (DE# 113 in Case No. 19-cv-21173; DE# 136 in 18-23585-CIV, 2/26/20).

## CONCLUSION

For the reasons stated herein, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Relief from Final Judgment Dated February 26, 2020 (D.E. 136) and/or Motion for Reconsideration (DE# 139 in Case No. 19-cv-21173; DE# 162 in 18-23585-CIV, 5/21/20) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **17th** day of July, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] See Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (stating that a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence **that could have been raised prior to the entry of judgment**.") (emphasis added).